IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RIKA JONES, As Administratrix of the Estate
of ROBERT LOGGINS; RIKA JONES,
Individually and on Behalf of the Wrongful
Death Beneficiaries of ROBERT LOGGINS,
Deceased; and RIKA JONES, As Mother and
Next Friend of R.D.L., a Minor.                                    PLAINTIFFS

VS.                          CIVIL ACTION NO.: 4:20-cv-00220-SA-JMV

JUSTIN GAMMAGE, REGGIE WOODALL,
EDWIN MERRIMAN, MICHAEL JONES,
AND ALBERT DEANE TILLEY, In Their
Individual Capacities; CITY OF GRENADA;
MOBILE MEDIC AMUBLANCE SERVICE,
INC. D/B/A AMR and AMERICAN MEDICAL
RESPONSE; JOHN WATSON; JENNIFER
HOWELL; AND CORRECTIONS
MANAGEMENT SERVICES, INC.                                          DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF MUNICIPAL DEFENDANTS TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants the City of Grenada, Mississippi, Justin Gammage, Reggie Woodall, Edwin Merriman, and Michael Jones in their individual capacities ("Municipal Defendants") submit this Answer and Affirmative Defenses to Plaintiffs Rika Jones, as Administratrix of the Estate of Robert Loggins; Rika Jones, individually and on behalf of the wrongful death beneficiaries of Robert Loggins, deceased; and Rika Jones, as mother and next friend of R.D.L., a minor ("Plaintiffs'") third amended complaint ("complaint").

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Municipal Defendants plead all applicable statutes of limitations.

1

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs did not exhaust their administrative remedies under federal or state law for some or all of their allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

## FOURTH AFFIRMATIVE DEFENSE

The alleged deprivations of Plaintiffs' rights did not occur through, nor were they caused by, an established policy or custom of the City of Grenada, Mississippi. Therefore, there is no municipal liability under federal law.

## FIFTH AFFIRMATIVE DEFENSE

Municipal Defendants affirmatively plead that an award of punitive damages would violate the United States and Mississippi Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the defenses of good faith and/or honest belief.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

Municipal Defendants plead after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to comply with their duty to mitigate their request for damages, their entitlement to which is expressly denied, such damages must be reduced.

PD.34560300.1

### TENTH AFFIRMATIVE DEFENSE

Municipal Defendants possess sovereign, absolute, and/or qualified immunity herein from suit and/or liability and/or damages.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek special damages, such damages have not been specifically stated.

### TWELFTH AFFIRMATIVE DEFENSE

Municipal Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants acted in good faith at all times in their conduct toward Plaintiffs, and Plaintiffs' own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiffs may have sustained. Municipal Defendants invoke all applicable contribution and comparative fault principles.

### SIXTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants are entitled to all rights, immunities, and privileges contained in Miss. Code § 11-46-1, et seq., including, but not limited to, all exemptions from liability set forth

therein, the notice of claim requirements set forth therein, the limitations on liabilities set forth therein, and the fact that Plaintiffs are not entitled to a jury trial.

## ANSWER

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Municipal Defendants respond to the second amended complaint as follows:

The first unnumbered paragraph beginning with, "This is a civil action . . . " does not appear to require a response, but to the extent a response is required, Plaintiffs are entitled to no relief whatsoever.

## I. PARTIES

1. Municipal Defendants deny the allegations contained in paragraph 1 of the complaint for lack of sufficient information.

2. Municipal Defendant objects to the allegations contained in paragraph 2 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that he may be served with process as authorized by law.

3. Municipal Defendant objects to the allegations contained in paragraph 3 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that he may be served with process as authorized by law.

4. Municipal Defendant objects to the allegations contained in paragraph 4 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that he may be served with process as authorized by law.

5. Municipal Defendant objects to the allegations contained in paragraph 5 of the complaint as calling for a legal conclusion. To the extent a response is required, Municipal Defendant admits only that he may be served with process as authorized by law.

6. The allegations contained in paragraph 6 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

7. In response to the allegations contained in paragraph 7 of the complaint, Municipal Defendant admits only that it may be served with process as authorized by law.

8. The allegations contained in paragraph 8 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

9. The allegations contained in paragraph 9 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

10. The allegations contained in paragraph 10 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

11. The allegations contained in paragraph 11 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

## II. JURISDICTION & VENUE

12. The allegations contained in paragraph 12 of the complaint state legal conclusions and therefore do not require a response.

13. The allegations contained in paragraph 13 of the complaint state legal conclusions and therefore do not require a response.

## III. FACTS

14. Municipal Defendants deny the allegations contained in paragraph 14 of the complaint as stated.

15. Municipal Defendants admit the allegations contained in paragraph 15 of the complaint.

16. Municipal Defendants deny the allegations contained in paragraph 16 of the complaint as stated.

17. Municipal Defendants deny the allegations contained in paragraph 17 of the complaint as stated.

18. Municipal Defendants admit the allegations contained in paragraph 18 of the complaint.

19. Municipal Defendants deny the allegations contained in paragraph 19 of the complaint.

20. Municipal Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Municipal Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Municipal Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Municipal Defendants admit the allegations contained in paragraph 23 of the complaint.

24. Municipal Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Municipal Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Municipal Defendants deny the allegations contained in paragraph 26 of the complaint.

27. Municipal Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Municipal Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Municipal Defendants admit the allegations contained in paragraph 29 of the complaint.

30. Municipal Defendants deny the allegations contained in paragraph 30 of the complaint.

31. Municipal Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Municipal Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Municipal Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Municipal Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Municipal Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Municipal Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Municipal Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Municipal Defendants admit the allegations contained in paragraph 38 of the complaint.

39. Municipal Defendants admit the allegations contained in paragraph 39 of the complaint.

40. The allegations contained in paragraph 40 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

41. Municipal Defendants deny the allegations contained in paragraph 41 of the complaint for lack of sufficient information.

42. Municipal Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Municipal Defendants deny the allegations contained in paragraph 43 of the complaint for lack of sufficient information.

44. Municipal Defendants deny the allegations contained in paragraph 44 of the complaint.

45. The allegations contained in paragraph 45 of the complaint are not directed at Municipal Defendants and therefore no response is required. To the extent a response is required, the allegations are denied.

46. Municipal Defendants deny the allegations contained in paragraph 46 of the complaint as stated.

47. Municipal Defendants deny the allegations contained in paragraph 47 of the complaint.

48. Municipal Defendants deny the allegations contained in paragraph 48 of the complaint.

49. Municipal Defendants admit the allegations contained in paragraph 49 of the complaint.

50. Municipal Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Municipal Defendants deny the allegations contained in paragraph 51 of the complaint for lack of sufficient information.

52. Municipal Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Municipal Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Municipal Defendants deny the allegations contained in paragraph 54 of the complaint as stated.

55. Municipal Defendants deny the allegations contained in paragraph 55 of the complaint.

56. Municipal Defendants deny the allegations contained in paragraph 56 of the complaint.

57. Municipal Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Municipal Defendants deny the allegations contained in paragraph 58 of the complaint.

59. Municipal Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Municipal Defendants deny the allegations contained in paragraph 60 of the complaint.

61. The allegations contained in paragraph 61 of the complaint reference a video. The video speaks for itself and no response is required. To the extent any allegations in the complaint contradict the video, the allegations are denied.

62. Municipal Defendants deny the allegations contained in paragraph 62 of the complaint.

63. The allegations contained in paragraph 63 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

64. The allegations contained in paragraph 64 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

65. The allegations contained in paragraph 65 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

66. The allegations contained in paragraph 66 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

67. The allegations contained in paragraph 67 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

68. The allegations contained in paragraph 68 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

69. The allegations contained in paragraph 69 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

70. The allegations contained in paragraph 70 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

71. The allegations contained in paragraph 71 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

72. Municipal Defendants deny the allegations contained in paragraph 72 of the complaint for lack of sufficient information.

73. Municipal Defendants deny the allegations contained in paragraph 73 of the complaint.

74. The allegations contained in paragraph 74 of the complaint state legal conclusions and therefore a response is not required.

75. Municipal Defendants deny the allegations contained in paragraph 75 of the complaint.

76. The allegations contained in paragraph 76 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

77. Municipal Defendants deny the allegations contained in paragraph 77 of the complaint.

## IV. CAUSES OF ACTION

### COUNT ONE – FOURTH AMENDMENT

78. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 78 of the complaint.

79. Municipal Defendants deny the allegations contained in paragraph 79 of the complaint.

80. Municipal Defendants deny the allegations contained in paragraph 80 of the complaint.

### COUNT TWO – FOURTH OR FOURTEENTH AMENDMENT

81. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 81 of the complaint.

82. The allegations contained in paragraph 82 of the complaint state legal conclusions and therefore a response is not required. To the extent a response is required, the allegations are denied.

83. The allegations contained in paragraph 83 of the complaint state legal conclusions and therefore a response is not required. To the extent a response is required, the allegations are denied.

84. The allegations contained in paragraph 84 of the complaint state legal conclusions and therefore a response is not required. To the extent a response is required, the allegations are denied.

85. Municipal Defendants deny the allegations contained in paragraph 85 of the complaint.

## COUNT THREE – NEGLIGENCE AND MEDICAL MALPRACTICE

86. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 86 of the complaint.

87. The allegations contained in paragraph 87 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

88. The allegations contained in paragraph 88 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

89. The allegations contained in paragraph 89 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

90. The allegations contained in paragraph 90 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

## COUNT FOUR – NEGLIGENCE AND NEGLIGENCE PER SE

91. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 91 of the complaint.

92. The allegations contained in paragraph 92 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

93. The allegations contained in paragraph 93 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

PD.34560300.1

94. The allegations contained in paragraph 94 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

95. The allegations contained in paragraph 95 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

### COUNT FIVE – ASSAULT AND BATTERY

96. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 96 of the complaint.

97. The allegations contained in paragraph 97 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

98. The allegations contained in paragraph 98 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

99. The allegations contained in paragraph 99 of the complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information.

### COUNT SIX – NEGLIGENCE AND NEGLIGENCE PER SE

100. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 100 of the complaint.

101. Municipal Defendants deny the allegations contained in paragraph 101 of the complaint.

102. Municipal Defendants deny the allegations contained in paragraph 102 of the complaint.

103. Municipal Defendants deny the allegations contained in paragraph 103 of the complaint.

104. The allegations contained in paragraph 104 of the complaint do not appear to require a response. To the extent a response is required, Plaintiff is entitled to no relief whatsoever.

105. Municipal Defendants deny the allegations contained in paragraph 105 of the complaint as stating legal conclusions.

## COUNT SEVEN – ASSAULT AND BATTERY

106. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 106 of the complaint.

107. Municipal Defendants deny the allegations contained in paragraph 107 of the complaint.

108. Municipal Defendants deny the allegations contained in paragraph 108 of the complaint.

109. Municipal Defendants deny the allegations contained in paragraph 109 of the complaint.

110. Municipal Defendants deny the allegations contained in paragraph 110 of the complaint.

111. Municipal Defendants deny the allegations contained in paragraph 111 of the complaint as stating legal conclusions.

## V. DAMAGES

112. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 112 of the complaint.

113. Municipal Defendants deny the allegations contained in paragraph 113 of the complaint.

114. Municipal Defendants deny the allegations contained in paragraph 114 of the complaint.

115. Municipal Defendants deny the allegations contained in paragraph 115, including sub-paragraphs a-n, of the complaint, and Municipal Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

## VI. AD DAMNUM

The unnumbered paragraph beginning "WHEREFORE, PREMISES CONSIDERED," does not appear to require a response. To the extent a response is required, the allegations are denied, and Municipal Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

Consistent with the answers and affirmative defenses set forth herein, Municipal Defendants request that the complaint be dismissed, with all costs taxed to Plaintiffs and an award of attorney's fees be provided to Municipal Defendants.

THIS the 14th day of July, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: /s/ *Mallory K. Bland*
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS THE CITY OF GRENADA, MISSISSIPPI, JUSTIN GAMMAGE, REGGIE WOODALL, EDWIN MERRIMAN, AND MICHAEL JONES**

## **CERTIFICATE OF SERVICE**

I certify that, on July 14, 2021, I had this Answer and Affirmative Defenses electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Mallory K. Bland*
Mallory K. Bland