IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RIKA JONES, ET AL.                                            PLAINTIFFS

VS.                              CIVIL ACTION NO. 4:20-CV-220-SA-JMV

JUSTIN GAMMAGE, ET AL.                                       DEFENDANTS

## ANSWER AND DEFENSES OF
## CORRECTIONS MANAGEMENT SERVICES, INC.

COMES NOW Defendant Corrections Management Services, Inc., by and through counsel, and responds to the Plaintiffs' Third Amended Complaint [44] filed against it, as follows:

### FIRST DEFENSE

The Third Amended Complaint filed against this Defendant fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Defendant further raises all other defenses available to it pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure and moves to dismiss thereto, as applicable.

### SECOND DEFENSE

Without waiving the right to be heard on the foregoing defenses, this Defendant responds to Plaintiffs' Third Amended Complaint against it, as follows:

### I. PARTIES

1.      Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third Amended Complaint, and, therefore, the same are denied at this time.

2.      The allegations contained in Paragraph 2 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

{D1702156.1}

3. The allegations contained in Paragraph 3 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

4. The allegations contained in Paragraph 4 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

5. The allegations contained in Paragraph 5 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

6. The allegations contained in Paragraph 6 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

7. The allegations contained in Paragraph 7 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

8. The allegations contained in Paragraph 8 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

9. The allegations contained in Paragraph 9 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

10. The allegations contained in Paragraph 10 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

11. The allegations contained in Paragraph 11 of the Third Amended Complaint are admitted.

## II. JURISDICTION AND VENUE

12. It is admitted that this Court has jurisdiction over the claims asserted. The remaining allegations contained in Paragraph 12 of the Third Amended Complaint are denied as stated.

13.     It is admitted that venue is proper in the Greenville Division of the U.S. District Court for the Northern District of Mississippi. The remaining allegations contained in Paragraph 13 of the Third Amended Complaint are denied.

### III.  FACTS

14.     This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third Amended Complaint, and, therefore, the same are denied at this time.

15.     This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third Amended Complaint, and, therefore, the same are denied at this time.

16.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third Amended Complaint, and, therefore, the same are denied at this time.

17.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third Amended Complaint, and, therefore, the same are denied at this time.

18.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Third Amended Complaint, and, therefore, the same are denied at this time.

19.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third Amended Complaint, and, therefore, the same are denied at this time.

20.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third Amended Complaint, and, therefore, the same are denied at this time.

21.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third Amended Complaint, and, therefore, the same are denied at this time.

22.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third Amended Complaint, and, therefore, the same are denied at this time.

23.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third Amended Complaint, and, therefore, the same are denied at this time.

24.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third Amended Complaint, and, therefore, the same are denied at this time.

25.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third Amended Complaint, and, therefore, the same are denied at this time.

26.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third Amended Complaint, and, therefore, the same are denied at this time.

27.    Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third Amended Complaint, and, therefore, the same are denied at this time.

28.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third Amended Complaint, and, therefore, the same are denied at this time.

29.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third Amended Complaint, and, therefore, the same are denied at this time.

30.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third Amended Complaint, and, therefore, the same are denied at this time.

31.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third Amended Complaint, and, therefore, the same are denied at this time.

32.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third Amended Complaint, and, therefore, the same are denied at this time.

33.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third Amended Complaint, and, therefore, the same are denied at this time.

34.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third Amended Complaint, and, therefore, the same are denied at this time.

35.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third Amended Complaint, and, therefore, the same are denied at this time.

36.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third Amended Complaint, and, therefore, the same are denied at this time.

37.     The allegations contained in Paragraph 37 are denied as stated.

38.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third Amended Complaint, and, therefore, the same are denied at this time.

39.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third Amended Complaint, and, therefore, the same are denied at this time.

40.     The allegations contained in Paragraph 40 of the Third Amended Complaint are admitted based upon information and belief.

41.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third Amended Complaint, and, therefore, the same are denied at this time.

42.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Third Amended Complaint, and, therefore, the same are denied at this time.

43.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Third Amended Complaint, and, therefore, the same are denied at this time.

44.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Third Amended Complaint, and, therefore, the same are denied at this time.

45.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third Amended Complaint, and, therefore, the same are denied at this time.

46.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third Amended Complaint, and, therefore, the same are denied at this time.

47.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Third Amended Complaint, and, therefore, the same are denied at this time.

48.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Third Amended Complaint, and, therefore, the same are denied at this time.

49.     It is admitted that after Robert Loggins arrived at the Grenada County Jail, two police officers and two jail officers helped carry Mr. Loggins into the booking area and laid him down on his side in front of the booking desk with his hands still cuffed behind his back. The remaining allegations contained in Paragraph 49 of the Third Amended Complaint are denied as stated.

50.     The allegations contained in Paragraph 50 of the Third Amended Complaint are denied as stated.

51.     It is admitted that upon Mr. Loggins' arrival at the jail, Sgt. Jerome Johnson summoned Sgt. Edna Clark and other officers from the oncoming shift for assistance with Mr. Loggins. It is further admitted that jail staff informed GPD officers that Mr. Loggins would not be accepted by the jail and that he needed medical attention. The remaining allegations contained in Paragraph 51 of the Third Amended Complaint are denied as stated.

52.     The allegations contained in Paragraph 52 are denied as stated.

53.     The allegations contained in Paragraph 53 of the Third Amended Complaint are admitted.

54.     The allegations contained in Paragraph 54 of the Third Amended Complaint are admitted.

55.     It is admitted that Robert Loggins rolled from one side to the other, and that his hands were cuffed behind his back. The remaining allegations contained in Paragraph 55 of the Third Amended Complaint are denied as stated.

56.     It is admitted that Sgt. Clark advised GPD officers multiple times that Loggins would not be accepted into the jail and that he needed medical attention. It is further admitted that Officer Tilley indicated he needed to retrieve his handcuffs from Loggins. It is further admitted that the GPD officers left Mr. Loggins at the jail. The remaining allegations contained in Paragraph 56 are denied as stated.

57.     The allegations contained in Paragraph 57 of the Third Amended Complaint are denied as stated.

58.     The allegations contained in Paragraph 58 of the Third Amended Complaint are denied as stated.

59.     The allegations contained in Paragraph 59 of the Third Amended Complaint are denied as to this Defendant.

60.     The allegations contained in Paragraph 60 of the Third Amended Complaint are denied.

61.     The jail security video referenced in Paragraph 61 of the Third Amended Complaint speaks for itself. To the extent any allegations of the Third Amended Complaint are contradicted

by the jail security video, they are denied. The remaining allegations contained in Paragraph 61 of the Third Amended Complaint are denied.

62.     It is admitted that after Officer Tilley retrieved his handcuffs, Sgt. Clark again told the GPD officers that Mr. Loggins would not be accepted and that he needed medical attention, but the officers left Mr. Loggins at the jail. The remaining allegations contained in Paragraph 62 of the Third Amended Complaint are denied as stated.

63.     It is admitted that two jailers began to carry Mr. Loggins from the booking area to a nearby holding cell before Sgt. Edna Clark instructed them to bring Mr. Loggins back to the booking area. It is further admitted that the jailers then set Mr. Loggins down on the floor next to the booking desk. The remaining allegations contained in Paragraph 63 of the Third Amended Complaint are denied as stated.

64.     The allegations contained in Paragraph 64 of the Third Amended Complaint are denied.

65.     It is admitted that after Grenada Police Department officers left the lobby of the jail, Sgt. Edna Clark called dispatch to request an ambulance for Robert Loggins. It is further admitted that the dispatcher advised Sgt. Clark that an ambulance had already checked out Mr. Loggins before he was brought in, but that another ambulance would be sent to the jail. The remaining allegations contained in Paragraph 65 of the Third Amended Complaint are denied as stated.

66.     It is admitted that after Sgt. Clark had called dispatch to request an ambulance, she checked Mr. Loggins but was unable to find a pulse or signs of breathing. The remaining allegations contained in Paragraph 66 of the Third Amended Complaint are denied as stated.

67.     The allegations contained in Paragraph 67 of the Third Amended Complaint are admitted.

68.     The allegations contained in Paragraph 68 of the Third Amended Complaint are admitted.

69.     The allegations contained in Paragraph 69 of the Third Amended Complaint are denied.

70.     The allegations contained in Paragraph 70 of the Third Amended Complaint are denied.

71.     It is admitted that in response to Sgt. Clark's call for emergency medical assistance, John Watson and Jennifer Howell were dispatched to the jail and rendered medical assistance to Mr. Loggins before transporting him to the hospital. The remaining allegations contained in Paragraph 71 of the Third Amended Complaint are denied as stated.

72.     Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Third Amended Complaint, and therefore the same are denied at this time.

73.     The allegations contained in Paragraph 73 of the Third Amended Complaint are denied.

74.     The allegations contained in Paragraph 74 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

75.     The allegations contained in Paragraph 75 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

76.     It is admitted only that the individuals employed by CMS at the Grenada County Jail on the morning in question were at all relevant times acting within the course and scope of their employment. The remaining allegations contained in Paragraph 76 of the Third Amended Complaint are denied as they pertain to this Defendant, and this Defendant denies all liability in the premises.

77.     The allegations contained in Paragraph 77 of the Third Amended Complaint are denied.

## IV.  CAUSES OF ACTION

### COUNT ONE – FOURTH AMENDMENT

78.     Defendant incorporates its responses to Paragraphs 1 through 77 of the Third Amended Complaint as if fully set forth herein.

79.     The allegations contained in Paragraph 79 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

80.     The allegations contained in Paragraph 80 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

### COUNT TWO – FOURTH OR FOURTEENTH AMENDMENT

81.     Defendant incorporates its responses to Paragraphs 1 through 80 of the Third Amended Complaint as if fully set forth herein.

82.     The allegations contained in Paragraph 82 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 82 are denied.

83.     The allegations contained in Paragraph 83 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 83 are denied.

84.     The allegations contained in Paragraph 84 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 84 are denied.

85.     The allegations contained in Paragraph 85 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be

mistaken, and a response is required, the allegations contained in Paragraph 85 are denied as to this Defendant.

## COUNT THREE – NEGLIGENCE AND MEDICAL MALPRACTICE

86.     Defendant incorporates its responses to Paragraphs 1 through 85 of the Third Amended Complaint as if fully set forth herein.

87.     The allegations contained in Paragraph 87 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

88.     The allegations contained in Paragraph 88 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

89.     The allegations contained in Paragraph 89 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

90.     The allegations contained in Paragraph 90 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

## COUNT FOUR – NEGLIGENCE AND NEGLIGENCE PER SE

91.     Defendant incorporates its responses to Paragraphs 1 through 90 of the Third Amended Complaint as if fully set forth herein.

92.     The allegations contained in Paragraph 92 of the Third Amended Complaint are denied.

93.     The allegations contained in Paragraph 93 of the Third Amended Complaint are denied.

94.     The allegations contained in Paragraph 94 of the Third Amended Complaint are denied.

95.     The allegations contained in Paragraph 95 of the Third Amended Complaint are denied.

## COUNT FIVE – ASSAULT AND BATTERY

96.     Defendant incorporates its responses to Paragraphs 1 through 95 of the Third Amended Complaint as if fully set forth herein.

97.     The allegations contained in Paragraph 97 of the Third Amended Complaint are denied.

98.     The allegations contained in Paragraph 98 of the Third Amended Complaint are denied.

99.     The allegations contained in Paragraph 99 of the Third Amended Complaint are denied.

## COUNT SIX – NEGLIGENCE AND NEGLIGENCE PER SE

100.     Defendant incorporates its responses to Paragraphs 1 through 99 of the Third Amended Complaint as if fully set forth herein.

101.     The allegations contained in Paragraph 101 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 101 are denied as they pertain to this Defendant.

102.     The allegations contained in Paragraph 102 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 102 are denied as they pertain to this Defendant.

103.     The allegations contained in Paragraph 103 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 103 are denied as they pertain to this Defendant.

104.     The allegations contained in Paragraph 104 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

105.     The allegations contained in Paragraph 105 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 105 are denied as they pertain to this Defendant.

## COUNT SEVEN – ASSAULT AND BATTERY

106.     This Defendant incorporates its responses to Paragraphs 1 through 105 of the Third Amended Complaint as if fully set forth herein.

107.     The allegations contained in Paragraph 107 of the Third Amended Complaint are not directed to this Defendant, and no response is required.

108.     The allegations contained in Paragraph 108 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 108 are denied as they pertain to this Defendant.

109.     The allegations contained in paragraph 109 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 109 are denied as they pertain to this Defendant.

110.     The allegations contained in Paragraph 110 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 110 are denied as they pertain to this Defendant.

111.    The allegations contained in Paragraph 111 of the Third Amended Complaint are not directed to this Defendant, and no response is required. To the extent this Defendant may be mistaken, and a response is required, the allegations contained in Paragraph 111 are denied as they pertain to this Defendant.

## V.  DAMAGES

112.    This Defendant incorporates its responses to Paragraphs 1 through 111 of the Third Amended Complaint as if fully set forth herein.

113.    The allegations contained in Paragraph 113 of the Third Amended Complaint are denied as they pertain to this Defendant.

114.    The allegations contained in Paragraph 114 of the Third Amended Complaint are denied as they pertain to this Defendant.

115.    The allegations contained in Paragraph 115 of the Third Amended Complaint, including those allegations contained in subparagraphs a. through n., are denied as they pertain to this Defendant.

## VI.  AD DAMNUM

In response to the last unnumbered paragraph of the Third Amended Complaint titled "Ad Damnum," this Defendant denies that Plaintiffs are entitled to the relief sought or any relief whatsoever from this Defendant.

AND NOW, having responded to the Plaintiffs' Third Amended Complaint, and having denied all liability, this Defendant would show unto the Court the following special and affirmative matters:

## FIRST AFFIRMATIVE DEFENSE

All allegations contained in the Plaintiffs' Third Amended Complaint which have not been specifically admitted by this Defendant are hereby denied, and this Defendant denies all liability in the premises.

## SECOND AFFIRMATIVE DEFENSE

All actions taken by this Defendant were done in good faith and with reasonable care, and no acts or omissions of this Defendant caused or contributed to any constitutional violations or injuries.

## THIRD AFFIRMATIVE DEFENSE

At all times, Robert Loggins was provided with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Fourteenth Amendment, as well as the Constitution and Laws of the State of Mississippi.

## FOURTH AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by this Defendant in any way. All applicable guidelines, rules, and policies were followed and complied with.

## FIFTH AFFIRMATIVE DEFENSE

The conduct of Robert Loggins or other third parties for which this Defendant can have no liability was the sole proximate cause, or the proximate contributing cause, of all claimed losses, injuries, and damages and should be dealt with according to the law of contributory and/or comparative negligence. This Defendant specifically raises all applicable provisions of MISS. CODE ANN. §§ 11-7-15 and 85-5-7.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant cannot be held vicariously liable for the acts or omissions of others under 42 U.S.C. § 1983.

{D1702156.1}

16

## SEVENTH AFFIRMATIVE DEFENSE

All claimed losses, injuries, and damages may be the result of a superseding, intervening cause for which this Defendant can have no liability.

## EIGHTH AFFIRMATIVE DEFENSE

Robert Loggins may have suffered from pre-existing conditions not caused or contributed to by the actions of this Defendant, and if so, there can be no recovery for said pre-existing conditions.

## NINTH AFFIRMATIVE DEFENSE

This Defendant would show that Robert Loggins and the Plaintiffs have a duty to use reasonable care to mitigate their damages, and any damages that could have been mitigated, and were not, are not recoverable.

## TENTH AFFIRMATIVE DEFENSE

This Defendant at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care that would be rendered by a reasonably prudent person under the same or similar circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

At no time did this Defendant act with deliberate indifference to any right guaranteed to Robert Loggins by the U.S. Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to identify any actions or omissions on the part of this Defendant that rises to the level of a violation of the rights of Robert Loggins under the U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no corporate policy, practice, or custom of CMS that was the moving force behind any deprivation of Robert Loggins' constitutional rights. The policies and procedures of this Defendant are consistent with clearly established law.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant at all relevant times acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, and without any intent to cause harm, and this Defendant is not guilty or any tortious act or omission. The actions taken by Defendant were taken in good faith and in good faith reliance upon then-existing law.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant invokes the protections and immunities set forth in the Mississippi Tort Claims Act, codified at MISS. CODE ANN. § 11-46-1, *et seq*.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert any claim against this Defendant for medical negligence, Plaintiffs did not provide the notice required by MISS. CODE ANN. § 15-1-36(15), and Plaintiffs did not attach a certificate regarding pre-suit consultation with an expert as required by MISS. CODE ANN. § 11-1-58.

## SEVENTEENTH DEFENSE

The facts having not been fully developed, this Defendant, to the extent applicable, asserts all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which include accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, re judicata, statute of frauds, statute of limitations, and waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery of damages, if any, is limited by applicable state and/or federal law and the statutory limitations and caps contained therein.

## NINETEENTH AFFIRMATIVE DEFENSE

This Defendant invokes and asserts all protections, defenses and limitations and caps set forth in the Mississippi Tort Reform Act, as codified at MISS. CODE ANN.§ 11-1-60.

## TWENTIETH AFFIRMATIVE DEFENSE

There is no act or omission or any type of gross negligence or willful or wanton conduct that would give rise to the imposition of punitive damages in this case or even the consideration of the same under state or federal law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Defendant invokes the safeguards of the Equal Protection Clause and Due Process Clause of the United States Constitution and Article Three, Section Fourteen, of the Mississippi Constitution, the provisions of MISS. CODE ANN. § 11-1-65 and § 11-46-15(2), and the Rooker-Feldman doctrine as a bar to recovery of punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant incorporates by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the Due Process Clause and Excessive Fines Clause, and the standards are not clear and, therefore, the imposition of punitive damages against this Defendant is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various

sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

<strong><u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u></strong>

Plaintiffs' claims may be barred by the applicable statute of limitations.

<strong><u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u></strong>

This Defendant asserts all rights, defenses, and limitations on recovery of damages set forth in MISS. CODE ANN. § 11-7-13 regarding wrongful death actions.

<strong><u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u></strong>

This Defendant pleads the doctrine of unclean hands.

<strong><u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u></strong>

This Defendant hereby gives notice that it intends to rely on such other and further defenses that may become available or apparent during discovery in this action and reserves the right to amend its answer to assert any such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Corrections Management Services, Inc., respectfully requests that Plaintiffs' Third Amended Complaint against it be dismissed with prejudice, with all costs to be assessed against the Plaintiffs, together with such other relief as the Court deems proper.

DATED: July 14, 2021.

Respectfully submitted,

CORRECTIONS MANAGEMENT SERVICES, INC.

BY: */s/Steven J. Griffin*
OF COUNSEL

STEVEN J. GRIFFIN - MS BAR NO. 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that I, Steven J. Griffin, counsel for Defendant Corrections Management

Services, Inc., have this day filed the foregoing document through the Court's ECF system, which

sent notification to the following counsel of record:

Victor I. Fleitas, Esq.
fleitasv@bellsouth.net

Jacob B. Jordan, Esq.
jacob@tannehillcarmean.com

J. Rhea Tannehill, Esq.
jrt@tannehillcarmean.com

*Attorneys for Plaintiff*

G. Todd Butler, Esq.
todd.butler@phelps.com

Mallory K. Bland, Esq.
mallory.bland@phelps.com

*Attorneys for Defendants City of Grenada, Justin Gammage, Reggie Woodall, Edwin Merriman, Michael Jones*

Daniel J. Griffith, Esq.
dgriffith@jlpalaw.com

Bethany Tarpley, Esq.
btarpley@jlpalaw.com

Michael S. Carr, Esq.
mcarr@carrlawpllc.com

*Attorneys for Defendant Albert Tilley*

{D1702156.1}

21

Thomas R. Julian, Esq.
tjulian@danielcoker.com

*Attorney for Defendant Mobile Medic Ambulance Service, John Watson, and Jennifer Howell*

DATED: July 14, 2021.

BY:   */s/ Steven J. Griffin*