IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RIKA JONES, As Administratrix of the Estate of
ROBERT LOGGINS; RIKA JONES, Individually
And on Behalf of the Wrongful Death Beneficiaries
Of ROBERT LOGGINS, Deceased; and RIKA JONES,
As Mother and Next Friend of R.D.L., a Minor                    PLAINTIFFS

VS.                                        CIVIL ACTION NO. 4:20cv220-SA-JMV

JUSTIN GAMMAGE, REGGIE WOODALL,
EDWIN MERRIMAN, MICHAEL JONES, and
ALBERT DEAN TILLEY, In Their Individual Capacities;
CITY OF GRENADA; MOBILE MEDIC AMBULANCE
SERVICE, INC. D/B/A AMR and AMERICAN MEDICAL
RESPONSE; JOHN WATSON; JENNIFER HOWELL;
AND CORRECTIONS MANAGEMENT SERVICES, INC.            DEFENDANTS

## AMR DEFENDANTS' ANSWER AND DEFENSES
## TO THIRD AMENDED COMPLAINT

COME NOW, Defendants Mobile Medic Ambulance Service, Inc. d/b/a AMR ("AMR"),

John Watson, and Jennifer Howell, by counsel, and file this their Answer and Defenses, as follows:

### FIRST DEFENSE

The Third Amended Complaint may fail to join a necessary party or parties.

### ANSWER

1.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 1 and therefore deny same.

2.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2 and therefore deny same.

{D1704874.1}                           - 1 -

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore deny same.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore deny same.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore deny same.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny same.

7.      Admitted on information and belief.

8.      Admitted.

9.      It is admitted that Watson is an adult resident of Grenada County, that he was acting within the course and scope of his employment with respect to the incident alleged in the Third Amended Complaint, and that he may be served with process in accordance with Mississippi law. Otherwise, denied.

10.      It is admitted that Howell is an adult resident of Grenada County, that she was acting within the course and scope of her employment with respect to the incident alleged in the Third Amended Complaint, and that she may be served with process in accordance with Mississippi law.  Otherwise, denied.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore deny same.

12.     Admitted.

13.     Defendants admit that venue is proper in this Court.  Otherwise, denied.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore deny same.

15.     Defendants admit that AMR received a call from law enforcement requesting that AMR dispatch an ambulance to 81 Bledsoe Street, Grenada, Mississippi.  Otherwise, denied.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore deny same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore deny same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore deny same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore deny same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore deny same.

22. Defendants admit on information and belief that TASERS were deployed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and therefore deny same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore deny same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore deny same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore deny same.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore deny same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore deny same.

28. Defendants admit on information and belief that TASERS were deployed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and therefore deny same.

29.     Defendants admit on information and belief that TASERS were deployed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore deny same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore deny same.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore deny same.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore deny same.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore deny same.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore deny same.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore deny same.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore deny same.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore deny same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore deny same.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore deny same.

40. Admitted.

41. Denied.

42. Denied.

43. Defendants admit only that no history nor vital signs were taken. Otherwise, denied.

44. Denied.

45. Defendants deny that this is an accurate or complete statement of the duties owed, and Defendants therefore deny the allegations.

46. Defendants admit only that Mr. Loggins was not transported to the hospital at that time and that he was put into a patrol car. Otherwise, denied.

47. Defendants admit only that Defendant Watson removed TASER prongs connected to Loggins' clothing. Otherwise, denied.

48.     Defendants admit only that Loggins struggled against the officers as they placed him into the patrol car.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and therefore deny same.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore deny same.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore deny same.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore deny same.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore deny same.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore deny same.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore deny same.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore deny same.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore deny same.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore deny same.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore deny same.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore deny same.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore deny same.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore deny same.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore deny same.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore deny same.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore deny same.

65.     Defendants admit that AMR received a second call requesting an ambulance at the Grenada County Jail.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore deny same.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore deny same.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore deny same.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore deny same.

69.     The allegations of Paragraph 69 are not directed to these Defendants, and therefore no response is required.

70.     The allegations of Paragraph 70 are not directed to these Defendants, and therefore no response is required.

71.     Defendants admit that Watson and Howell were dispatched to the jail, that they arrived on scene at approximately 6:29 p.m., that they were at the patient's side at approximately 6:30 p.m., and that they began transporting the patient to the hospital at approximately 6:50 p.m., according to AMR records.  Otherwise, denied.

72.     Defendants admit that Loggins was transported to University of Mississippi Medical Center – Grenada, where medical care was transferred to the hospital.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 and therefore deny same.

{D1704874.1}                                                                                    - 9 -

73.     Defendants deny the allegations of paragraph 73 to the extent they are directed at these defendants.

74.     The allegations of Paragraph 74 are not directed to these Defendants, and therefore no response is required.

75.     Defendants deny the allegations of paragraph 75 to the extent they are directed at these defendants.

76.     Defendants admit only that Howell and Watson were acting within the course and scope of their employment during the subject incident.  Otherwise, denied.

77.     Denied.

78.     Defendants incorporate by reference their preceding responses.

79.     The allegations of Paragraph 79 are not directed to these Defendants, and therefore no response is required.

80.     The allegations of Paragraph 80 are not directed to these Defendants, and therefore no response is required.

81.     Defendants incorporate by reference their preceding responses.

82.     The allegations of Paragraph 82 are not directed to these Defendants, and therefore no response is required.

83.     The allegations of Paragraph 83 are not directed to these Defendants, and therefore no response is required.

84.     The allegations of Paragraph 84 are not directed to these Defendants, and therefore no response is required.

85.     The allegations of Paragraph 85 are not directed to these Defendants, and therefore no response is required.

86.     Defendants incorporate by reference their preceding responses.

87.     Denied.

88.     Defendants deny that paragraph 88 contains a complete or accurate statement of the duties owed, and therefore the allegations are denied.

89.     Denied.

90.     Denied.

91.     Defendants incorporate by reference their preceding responses.

92.     The allegations of Paragraph 92 are not directed to these Defendants, and therefore no response is required.

93.     The allegations of Paragraph 93 are not directed to these Defendants, and therefore no response is required.

94.     The allegations of Paragraph 94 are not directed to these Defendants, and therefore no response is required.

95.     The allegations of Paragraph 95 are not directed to these Defendants, and therefore no response is required.

96.     Defendants incorporate by reference their preceding responses.

97.     The allegations of Paragraph 97 are not directed to these Defendants, and therefore no response is required.

98.     The allegations of Paragraph 98 are not directed to these Defendants, and therefore no response is required.

99.     The allegations of Paragraph 99 are not directed to these Defendants, and therefore no response is required.

100.    Defendants incorporate by reference their preceding responses.

101.    The allegations of Paragraph 101 are not directed to these Defendants, and therefore no response is required.

102.    The allegations of Paragraph 102 are not directed to these Defendants, and therefore no response is required.

103.    The allegations of Paragraph 103 are not directed to these Defendants, and therefore no response is required.

104.    The allegations of Paragraph 104 are not directed to these Defendants, and therefore no response is required.

105.    The allegations of Paragraph 105 are not directed to these Defendants, and therefore no response is required.

106.    Defendants incorporate by reference their preceding responses.

107.    The allegations of Paragraph 107 are not directed to these Defendants, and therefore no response is required.

1048    The allegations of Paragraph 108 are not directed to these Defendants, and therefore no response is required.

109.    The allegations of Paragraph 109 are not directed to these Defendants, and therefore no response is required.

110.    The allegations of Paragraph 110 are not directed to these Defendants, and therefore no response is required.

111.    The allegations of Paragraph 111 are not directed to these Defendants, and therefore no response is required.

112.    Defendants incorporate by reference their preceding responses.

113.    Denied.

114.    Denied.

115. Denied, including sub-parts a. through n.

Defendants deny the allegations of the final Ad Damnum paragraph beginning with "WHEREFORE, PREMISES CONSIDERED."

AND NOW Defendants offer the following affirmative matters and defenses:

### SECOND DEFENSE

The decedent's injuries and/or damages, if any, may have been due in whole or in part to his own conduct. Therefore, Defendants plead comparative negligence and request that any damages awarded to plaintiff be reduced by the percentage of decedent's own negligence under Miss. Code Ann. § 11-7-15.

### THIRD DEFENSE

If Plaintiff sustained any damages as a result of actions or inactions by any person, such damages were the fault and proximate result of actions or inactions taken or not taken by persons other than Defendants. Defendants specifically plead the benefits of Miss. Code Ann. § 85-5-7.

### FOURTH DEFENSE

Defendants' alleged actions and/or inactions were not the proximate cause or a cause in fact of plaintiff's alleged injuries and/or damages.

### FIFTH DEFENSE

The injuries alleged in the Third Amended Complaint resulted from events, actions and/or complications completely separate and distinct and unrelated to any action or omission by or attributable to these Defendants and/or by individuals whose conduct is not attributable to these Defendants.

{D1704874.1}                     - 14 -

## SIXTH DEFENSE

Plaintiffs may seek cumulative damages and/or damages which are not recoverable as a matter of law.

## SEVENTH DEFENSE

All claimed losses, injuries, and damages may be the result of a superseding, intervening cause for which these Defendants can have no liability.

## EIGHTH DEFENSE

Defendants plead affirmatively all benefits of Miss. Code Ann. § 73-25-37.

## NINETH DEFENSE

Defendants plead affirmatively and claim all benefits of Miss. Code Ann. § 11-1-60.

## TENTH DEFENSE

Defendants invoke the provisions and protections of Miss. Code Ann. § 11-1-65 with respect to punitive damages.

## ELEVENTH DEFENSE

Defendants aver that any award of punitive damages in this case would be in violation of the constitutional rights and safeguards provided under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

**TWELFTH DEFENSE**

Imposition of punitive damages in this case would constitute a violation of Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

This the 19th day of July, 2021.

RESPECTFULLY SUBMITTED,

MOBILE MEDIC AMBULANCE SERVICE, INC.,
JENNIFER HOWELL AND JOHN WATSON

BY:    /s/ Tom Julian
         OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I, Tom Julian, counsel for the Mobile Medic Ambulance Service, Inc., Jennifer Howell and John Watson, do hereby certify that on July 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ Tom Julian
OF COUNSEL