IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RIKA JONES, As Administratrix of the Estate of
ROBERT LOGGINS; RIKA JONES, Individually
and on Behalf of the Wrongful Death Beneficiaries
of ROBERT LOGGINS, Deceased; and RIKA JONES,
As Mother and Next Friend of R.D.L, a Minor.                    **PLAINTIFFS**

VERSUS                                                          No. 4:20cv220-SA-JMV

JUSTIN GAMMAGE, REGGIE WOODALL,
EDWIN MERRIMAN, MICHAEL JONES, and
ALBERT DEANE TILLEY, In Their Individual Capacities;
CITY OF GRENADA; MOBILE MEDIC AMBULANCE
SERVICE, INC. D/B/A AMR and AMERICAN MEDICAL
RESPONSE; JOHN WATSON; JENNIFER HOWELL;
AND CORRECTIONS MANAGEMENT SERVICES, INC.                      **DEFENDANTS**

## DECLARATION OF DR. MICHAEL ARNALL

I, Mike Arnall, submit this Declaration pursuant to 28 U.S.C. § 1746.

1. I am a Board-Certified Forensic Pathologist. Attached hereto is a true and correct copy of my CV as well as a true and correct copy of the opinion I provided to Jacob Jordan and Victor Fleitas in this matter on March 10, 2021. These attachments are adopted and incorporated by reference.

I declare under penalty of perjury that the above and foregoing is true and correct.

Executed on August 31, 2021.

                                                                    Dr. Michael Arnall
                                                                    9-1-2021

**Exhibit H**

Michael Arnall, M. D.

Forensic@gate.net

Jacob Jordan Attorney at Law                                           March 10, 2021

Victor Fleitas Attorney at Law

RE: Loggins, Robert D., Mississippi medical examiner's case 18-1164

Dear Mr. Jordan and Mr. Fleitas,

I was asked to review materials related to the death of Robert D. Loggins, Mississippi medical examiner's case 18 – 1164. My opinions are based on these documents, training, experience and the published scientific literature. As more facts or revelations come to light, the opinions may be modified or augmented.

I have reviewed the autopsy report on the body of Robert D Loggins, case 18 – 1164, the Mississippi Bureau of investigation interviews of Albert Tillie, Edna Clark, Edwin Merrium, Frank Sanders, Jerome Johnson, Justin Gammage, Michael Jones, Raffael Harvey, Reggie Woodall, and Robert Prayer, the document identified as Mississippi Bureau of Investigation report, photographs of the decedent at the hospital and from the autopsy, and body cam recordings from multiple officers at the scene of the capture of Robert Loggins including G-29 Merriman, G44 Jones, and G 12 Woodall.

I have reviewed a video recording from the jail room where Robert Loggins died.

I have reviewed audio recordings of 911 calls regarding the death of Robert Loggins, the audio recordings of the interviews of 2 paramedics responsible for treating Mr. Loggins, and medical records from St. Mary's Medical Center in Palm Beach County Florida

I am licensed to practice medicine in the state of Colorado. I am board-certified by the American Board of Pathology in Anatomic Pathology, Clinical Pathology and Forensic Pathology. I am receiving $150 an hour to review this case.

> 1) It is my opinion that Robert Loggins died as a result of Suffocation due to Mechanical Asphyxia from compression of the thorax while holding the shoulders combined with smothering due to compression of the head and neck with facial occlusion. This pathological process, mechanical asphyxia and smothering has an eponym in the forensic pathology medical literature, "Burking." Please see Forensic Pathology, second edition, page 243, by Di Maio and Di Maio.

Over the course of better than three minutes, officer(s) knelt and sat on the gasping prisoner, a psychiatric patient, held his shoulders down and suffocated Mr. Loggins by smothering him, with what the forensic literature refers to as, facial occlusion. Mr. Loggins was trying to gasp for breath before the suffocation because he couldn't breathe. Broken teeth, lacerated lip, abrasions on the face, and multidirectional contusions of the muscles on the head and back of the upper neck correlate with the jail video of suffocation.

It is my opinion, to a reasonable degree of medical certainty, that the suffocation, the facial occlusion with neck and thorax compression was a volitional act that caused death. This was death at the hands of another. The manner of death is homicide.

> 2) Robert Loggins survived his initial violent struggle with police, a violent struggle combined with excessive administrations of Taser fire, emphasizing his excellent physical condition. There is empirical reason to believe that he would have survived his second violent struggle with police except that during the second struggle, police suffocated Robert Loggins.

The autopsy report indicates "There was no identifiable evidence of natural disease that could have caused or contributed to his death." Medical records indicate that this patient had acute psychogenic paranoid psychosis and methamphetamine abuse. Previously, doctors successfully calmed him down with medication. Likely, similar treatment with medication at a hospital in Grenada, Mississippi would have similarly successfully calmed Robert Loggins.

> 3) The emergency medical personnel failed to perform an acceptable medical examination on their patient, Mr. Loggins.

An Officer states "Then the medical folks were called, and they were supposed to check him out, and they didn't check him out." "They never put their hands on him. They didn't check no vitals." An officer indicated that the male EMT said, "He's good to go. Y'all can carry him on." And "They didn't check nothing. No vitals. No nothing."

> 4) The emergency medical personnel at the scene failed to recognize the danger to this patient with Excited Delirium syndrome.

Robert Loggins exhibited classic signs of drug intoxication with agitation, which combined with a violent struggle and tazing, constitutes an acute, life-threatening, medical condition with a significant risk of death after a violent struggle. This combination is sometimes referred to as Excited Delirium Syndrome. The emergency medical personnel were obligated to either immediately transport this patient to a hospital themselves or escort a police vehicle carrying this patient to a hospital. The failure was a departure from published standards of practice. The emergency medical personnel appear to have violated numerous consensus recommendations.

> 5) It is my opinion that the Emergency Medical Personnel delayed ventilation of this patient for an agonizingly long period of time after determining that Mr. Loggins was not breathing at the jail.

Oddly, the jail video appears to demonstrate that Emergency Medical Personnel arrived at about 6:18:43 and compressions were initiated at 6:20:00, though no ventilation was initiated until 6:25:39.

> 6) The autopsy report is problematic and appears to contain multiple errors.

The autopsy report states the following on page 2: "Dissection of the scalp shows no evidence of soft tissue injury or skull fracture." Autopsy photographs reveal multidirectional trauma, that is, hemorrhagic contusions of both the left and right frontalis and extensive soft tissue contusions into the skeletal muscles inserting onto both the left and right occiput of the skull. Published standards require that the autopsy report must include a detailed description of the traumatic soft tissue injuries.

The autopsy photograph of the neck block fails to reveal the hyoid bone. The autopsy report indicates "The teeth are natural." Broken teeth observed by Raffael Harvey were not documented. Photographs reveal an undocumented laceration of the inner lips.

Please contact me if you have any questions.

Sincerely,

Michael Arnall, M.D.

# Michael F. Arnall, M.D.

## Education

| | |
|---|---|
| 1977 | BA Biology, Cum Laude<br>University of California, San Diego |
| 1982 | M.D.<br>Washington University School of Medicine, St. Louis, Mo. |
| 1982 to 1986 | Internship and Residency in Pathology<br>University of Colorado Health Sciences Center |
| 1986 to 1987 | Fellowship in Forensic Pathology<br>Denver County Coroner's Office, Denver, Colorado |
| 1988 to 1989 | Fellowship in Surgical Pathology<br>Baylor College School of Medicine, Houston, Texas |

## Experience

| | |
|---|---|
| 1987 to 1988 | Associate Medical Examiner, Commonwealth of Massachusetts, Boston |
| 1989 to 1992 | Private Practice of Pathology, Graves Pathology Associates, Ft. Myers, Florida |
| 1989 to 1992 | Associate Medical Examiner, District 21 Florida |
| 1996 | Associate Medical Examiner, District 15 Florida |
| 2005 to 2009 | Forensic Pathologist for Adams County, Colorado |
| 2005 to 2009 | Forensic Pathologist for Larimer County and Weld County, Colorado |
| 2009 to 2010 | Forensic Pathologist for the National Forensic Pathology Service<br>Auckland, New Zealand |
| August 1992 to present | Private Practice of Anatomic, Clinical and Forensic Pathology<br>Michael F. Arnall, M.D., PC. |
| 2011 to 2016 | Forensic Pathologist for Adams County and Boulder County, Colorado |
| Current | Private practice of Forensic Pathology LaPlata, Archuleta, Montezuma San Juan Counties in Colorado |

## Licensure

Colorado     #27368

Michael F. Arnall, M.D.

## Board Certifications

Diplomate American Board of Pathology

| | |
|---|---|
| 1988 | Anatomic Pathology |
| 1988 | Clinical Pathology |
| 1989 | Forensic Pathology |

## Teaching Appointments

| | |
|---|---|
| 2006 | Assistant Clinical Professor, Department of Pathology, University of Colorado Health Sciences Center |

## Medical Staff Appointments

| | |
|---|---|
| 1989 to 2001 | Glades General Hospital<br>Laboratory Director 1990 to 1996<br>Belle Glade, Florida |
| 1989 to 2000 | Hendry General Hospital<br>Laboratory Director 1990 to 1996<br>Clewiston, Florida |
| 1996 to 2004 | Lawnwood Regional Medical Center<br>Laboratory Director 2001 to 2003<br>Fort Pierce, Florida |

## Professional Societies and Memberships

College of American Pathologists

American Society of Clinical Pathologists

American Academy of Forensic Sciences

National Association of Medical Examiners

## Publication

Susan G. Elner, MD; Victor M. Elner, MD, PhD; Michael Arnall, MD; Daniel M. Albert, MD: "Ocular and Associated Systemic Findings in Suspected Child Abuse, A Necropsy Study," Archives of Ophthalmology, Vol. 108, August 1990, pp. 1094-1101.

## Abstract

Wagner J., Ellerbrock TV, Arnall M, Garrison C, Taylor J, Bush T, Stafirn A, Scoles L, Burch L, Russell T, Horsburgh CR: "Rapid Determination of CD4+ T-Lymphocyte Counts in a Hospital Emergency Department Using the STKS Analyzer," Fourth Conference on Retroviruses and Opportunistic Infections, January 22 - 26, 1997