IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RIKA JONES, As Administratrix of the Estate of
ROBERT LOGGINS; RIKA JONES, Individually
and on Behalf of the Wrongful Death Beneficiaries
of ROBERT LOGGINS, Deceased; and RIKA JONES,
As Mother and Next Friend of R.D.L., a Minor                                    PLAINTIFFS

V.                                                      CIVIL ACTION NO. 4:20-CV-220-SA-JMV

JUSTIN GAMMAGE, REGGIE WOODALL,
EDWIN MERRIMAN, MICHAEL JONES, and
ALBERT DEANA TILLEY, In Their Individual Capacities;
CITY OF GRENADA; MOBILE MEDIC AMBULANCE
SERVICE, INC.D/B/A AMR and AMERICAN
MEDICAL RESPONSE; JOHN WATSON; JENNIFER HOWELL;
and CORRECTIONS MANAGEMENT SERVICES, INC.              DEFENDANTS

ORDER

Now before the Court is the Plaintiffs' Motion to Amend [90], wherein they request leave of Court to file a Fourth Amended Complaint. The Motion [90] has been fully briefed, and the Court is prepared to rule.

*Relevant Background*

This civil lawsuit arises from the November 29, 2018 death of Robert Loggins. Rika Jones, individually and on behalf of Loggins' wrongful death beneficiaries and in her capacity as mother and next friend of R.D.L. (a minor) (collectively "the Plaintiffs"), brought suit against the City of Grenada; numerous officers of the Grenada Police Department; American Medical Response and two of its employees; and Corrections Management Services, Inc. (the company responsible for administering and managing the Grenada County Jail and its employees at the time of the underlying events).

The Plaintiffs initiated the lawsuit by filing their Complaint [1] on December 31, 2020. They filed an Amended Complaint [3] on January 27, 2021 and a Second Amended Complaint [4] on March 24, 2021. Both of these amendments were filed without leave of Court and prior to the completion of service of process. On June 30, 2021, the Plaintiffs filed a Motion to Amend [42], wherein they requested leave to file a Third Amended Complaint "to make several typographical, spelling, and grammatical corrections, to clarify their constitutional medical care claim arises from either the Fourth Amendment or Fourteenth Amendment . . ., and to clarify the capacities in which several defendants are sued under Mississippi law." [42] at p. 1. The Court granted the unopposed Motion [42], and the Plaintiffs filed their Third Amended Complaint [44] on July 8, 2021.

Thereafter, on July 31, 2021, Albert Deane Tilley (one of the individual defendant police officers) filed a Motion for Summary Judgment [49], raising qualified immunity as a defense. Consistent with Local Rule 16(b)(3)(B), the Court then stayed the case. *See* [51]. A short time later, the City of Grenada and the other individual officers filed a Joint Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [55]. Both of those Motions [49, 55] were fully briefed with the Court granting numerous extensions of time and granting multiple requests for leave to exceed the applicable page limitation. The briefing was ultimately completed on November 15, 2021.

On November 28, 2021, the Plaintiffs filed a Motion to Amend [90], through which they seek leave of Court to file a Fourth Amended Complaint. They attached to that Motion [90] a copy of their proposed Fourth Amended Complaint. The Plaintiffs asserts that "[t]he filing of the amended complaint is to ensure that the pleadings at this early pre-discovery phase of the litigation are consistent with the positions taken by the plaintiffs in the response to the defendants' motions for summary judgment." [90] at p. 2. The Plaintiffs further aver that the filing of a Fourth Amended

2

Complaint would not impact any scheduling deadlines and would not "necessitate further briefing on the pending motions." *Id*.

The Defendants oppose the Plaintiffs' request. In his Response [93], Tilley takes the position that the Plaintiffs engaged in undue delay and bad faith.[1] He also asserts that the Plaintiffs have repeatedly failed to cure deficiencies with their pleadings and that he will be severely prejudiced if the Court allows the amendment.

*Applicable Standard*

"A party desiring to amend its pleading must receive written consent of the opposing party or be granted leave of court to amend." *Morris v. CCA of Tenn., LLC*, 2016 WL 10587119, at *1 (N.D. Miss. July 22, 2016) (citing FED. R. CIV. P. 15(a)(2)). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Alston v. Prairie Farms Dairy, Inc.*, 2018 WL 9866506, at *1 (N.D. Miss. Jan. 17, 2018) ("Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that 'the court should freely give leave [to amend] when justice so requires.'") (citations omitted). "The Fifth Circuit has held amendments should be liberally allowed, but leave to amend is *by no means automatic*." *Morris*, 2016 WL 10587119 at *1 (quoting *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)) (emphasis added) (internal quotation marks omitted).

"In deciding whether to grant leave to amend, the Court may consider factors 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

[1] Tilley filed a Response [93] in Opposition to the Motion [90], and the other municipal Defendants thereafter filed a Joinder [94] to that Response [93]. Although Tilley filed the Response [93], because the other municipal Defendants represent to the Court that they "request the relief sought in Tilley's response," the Court will hereinafter refer to all Defendants jointly for purposes of this Order. *See* [94] at p. 1.

of allowance of the amendment, and futility of the amendment.'" *Brooks v. Taylor Cnty., Tex.*, 2021 WL 3039016, at *7 (N.D. Tex. July 19, 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Courts may also consider judicial efficiency and effective case management." *Id*. (citing *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009)). The decision whether to grant leave to amend "lies within the sound discretion of the district court." *Id*. (citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992)) (additional citations omitted).

*Analysis and Discussion*

Prior to addressing the arguments concerning whether amendment should be granted, the Court will note the differences between the currently operative Third Amended Complaint [44] and the proposed Fourth Amended Complaint. The Court first observes that the "Facts" section of each the pleadings is very similar, if not identical. The proposed changes are in the "Causes of Action" section. The pleadings include almost identical Counts; however, the key distinction is the proposed Fourth Amended Complaint provides further explanation under some of the Counts. For example, in Count One of the now operative Third Amended Complaint, which alleges a Fourth Amendment claim, the Plaintiffs aver, in pertinent part:

> 79. The individual defendant officers are liable to the plaintiffs for their violation of Mr. Loggins' clearly established constitutional right to be free from uses of force which are unreasonable and excessive under the circumstances, including but not limited to the use of force against a passively resisting Mr. Loggins prior to being handcuffed, and the use of force against an unresisting and medically incapacitated Mr. Loggins when the handcuffs were forcibly removed from him at the jail. Said violations by the individual defendants were the proximate cause of Mr. Loggins' suffering and death.

[44] at p. 12.

In contrast, the proposed Fourth Amended Complaint includes the same Paragraph 79 quoted above but also includes the following allegations immediately thereafter:

> 80. This claim is asserted against Defendants Gammage and Woodall for their excessive force exhibited at the scene of Mr. Loggins' arrest. They were not present at the jail.
>
> 81. This claim is asserted against Defendant Merriman for his actions and inactions at the jail under supervisory and bystander failure to intervene theories of liability for excessive force.
>
> 82. These claims are asserted against Defendant Jones under bystander failure to intervene at the scene of Mr. Loggins' arrest, and direct participation and/or failure to intervene theories of liability for his actions and, in the alternative, inactions at the [sic] jail as alleged herein.
>
> 83. Plaintiffs do not allege unconstitutional conduct against Defendant Merriman prior to Mr. Loggins' arrest.
>
> 84. This claim is asserted against Defendant Tilley pursuant to a bystander theory of liability at the scene of Mr. Loggins' arrest and direct use of force at the jail.

[90], Ex. 1 at p. 13.

In a similar fashion, the Plaintiffs' proposed Fourth Amended Complaint includes additional detailed allegations as to their claims against the City of Grenada, specifically identifying practices and customs which they believe were constitutionally deficient. *See generally* [90], Ex. 1 at p. 18-19. Thus, the Fourth Amended Complaint serves to provide further clarity as to the specific claims against each of the municipal defendants.

Against that backdrop, the Court turns to the Defendants' arguments in opposition to the Plaintiffs' request to amend. First, the Defendants contend that the Plaintiffs unduly delayed in requesting leave to amend as they had all information they needed since they filed their original Complaint [1] on December 31, 2020. While there is certainly some accuracy to this assertion since the original Complaint [1] included as an exhibit a video from the Grenada County Jail on

the night in question, the Court notes that the Plaintiffs asserted multiple claims in their previous Complaints and that the "Facts" section of their proposed Fourth Amended Complaint mirrors the currently operative Third Amended Complaint [44]. Thus, although the Plaintiffs have not been artful in their previous pleadings, the Defendants have at all pertinent times been very much aware of the underlying conduct for which the Plaintiffs claim liability.

Next, the Defendants assert that the Plaintiffs' "failure to move to amend until after all Defendants' immunity motions were fully briefed is in bad faith and evidences a dilatory motive. Plaintiffs' counsel is gaming the judicial system by requesting that early qualified immunity motions be filed then seeking leave to amend after those motions are fully briefed, and Defendants have presented to Plaintiffs the problems in their pleadings. Plaintiffs cannot have it both ways." [93] at p. 8. In response, the Plaintiffs assert that they are not seeking leave to address a deficiency and, in fact, do not believe that a deficiency exists but, instead, simply filed the Motion to Amend [90] out of an abundance of caution if the Court finds a pleading deficiency. The Court finds that this factor is neutral. Although the Plaintiffs should have moved to amend sooner, the Court has not been provided sufficient evidence to believe that the Plaintiffs have acted in bad faith.

Additionally, the Defendants contend that the Plaintiffs have repeatedly failed to cure deficiencies despite being provided multiple opportunities to amend. The Court recognizes, as the Defendants have pointed out, that the Plaintiffs amended on numerous occasions. On the other hand, the Court does recognize that the underlying factual allegations have remained unchanged, which, at least to some extent, undercuts the Defendants' arguments that they have been harmed by the Plaintiffs' conduct. The Defendants should have been aware of the underlying facts supporting the Plaintiffs' claims since the lawsuit was initiated.

Finally, the Defendants contend that they will suffer severe prejudice if the Plaintiffs are allowed to amend. In particular, the Defendants assert that they would be prejudiced "because (1) summary judgment motions have already been filed which rely on the Third Amended Complaint; (2) new summary judgment motions would have to be filed or at the very least this entirely new issue would have to be briefed; and (3) the qualified immunity protections would be rendered moot if Plaintiffs could amend their Complaint after they were raised." [93] at p. 10.

The Court partially agrees with the Defendants' contentions. Undoubtedly, much time and effort has been spent (and expense has been incurred) in order to fully brief the pending Motions [49, 55]. Conversely, however, the Court recognizes that, if leave to amend is granted, much of the arguments raised in the Defendants' Motions [49, 55] and supporting memoranda are still relevant and can be used so long as the Defendants are provided an opportunity to refile their immunity-based motions. In other words, such time, effort, and expenses were not incurred for naught.

Furthermore, the Court is well-aware that qualified immunity defenses should be resolved at the earliest stage possible. *See*, *e.g.*, *Emmett v. McGuire*, 2009 WL 1068004, at *2 (N.D. Tex. 2009) ("Both the Fifth Circuit and the Supreme Court direct district courts to resolve qualified immunity questions at the earliest stage of litigation possible because qualified immunity is immunity from suit not immunity from liability."). However, the Court rejects the Defendants' contention that the qualified immunity protections would be rendered moot if leave to amend is granted. The Defendants have not been subjected to any discovery in this case, and, so long as they are provided an opportunity to refile their respective motions, those defenses would not be rendered moot, as they would obtain a ruling on any such motions before the case further proceeds. *See Anderson v. Marshall Cnty., Miss.*, 2013 WL 1767843, at *2 (N.D. Miss. Apr. 24, 2013)

7

(quoting *Pearson v. Callahan*, 555 U.S. 223, 231-32, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)) ("[T]he Supreme Court has 'made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior to discovery*.") (emphasis added).

Ultimately, "Rule 15(a) and the other federal rules 'reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Brooks*, 2021 WL 3039016 at *7 (quoting *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997)) (additional citations omitted); *see also Dalton v. C.R. Bard, Inc.*, 2020 WL 4284585, at *1 (N.D. Tex. July 27, 2020) (citing 6 Charles Alan Wright & Arther R. Miller, *Federal Practice & Procedure* § 1471, at 587 (3d ed. 2010) for the proposition that "a primary purpose of Rule 15 is to allow the maximum opportunity for each claim to be decided *on its merits rather than on procedural technicalities*.") (emphasis added).

In *Brooks*, though granting the plaintiff's motion to amend, the District Court for the Northern District of Texas expressed "[i]t is frustrating to the Court that these additional factual allegations were not included at an earlier stage." *Brooks*, 2021 WL 3039016 at *13. This Court notes the same frustration. However, as in *Brooks*, this Court, utilizing its broad discretion in this area, finds that leave should be granted. The proposed amendment will provide clarity as to the specific factual allegations and theories upon which the Plaintiffs rely as to each specific Defendant and as to each Count. This will allow the Court to analyze the qualified immunity defenses more thoroughly in context of the specific claims brought against each individual officer.[2] Additionally,

---

[2] In their Memorandum [57] seeking dismissal, the municipal Defendants raised a concern regarding the Plaintiffs' failure to include separate, specific allegations as to each individual officer. The proposed Fourth Amended Complaint resolves that concern.

8

the amendment will provide much clarity and avoid confusion at trial, should this matter proceed that far.

The Plaintiffs are hereby granted leave to file their Fourth Amended Complaint. The Plaintiffs shall file their Fourth Amended Complaint within seven (7) days of today's date. The Court hereby specifically advises the Plaintiffs that it does not intend to grant any further requests for leave to amend. Furthermore, the Court rejects the Plaintiffs' argument that no further briefing is necessary. Although the Plaintiffs may not wish to further brief any issues, the Defendants are certainly entitled, if they so desire, to make additional arguments in support of their requests for dismissal, particularly since the Plaintiffs intend to include additional claims and support for their claims against them. To hold otherwise would unfairly prejudice the Defendants.

The pending Motions [49, 55] are hereby DENIED *without prejudice*. After the Fourth Amended Complaint is filed, the Defendants may refile dispositive motions within the typical time allotted to do so.

Additionally, the Court feels compelled to note that this action has been pending for more than a year, and, for multiple reasons, it has not made much progress toward resolution. Throughout this case, the Court has been extremely lenient in granting extensions of time for the parties to file their briefs. Recognizing the length of time the case has been pending, as well as the fact that many of the arguments raised in the expected immunity-based motions will likely mirror arguments raised in earlier filings, the Court hereby advises the parties that such leniency will not continue. The Court expects the parties to comply with the applicable deadlines, and the Court intends to expeditiously rule on the immunity-based motions so that this matter can, if necessary, proceed to discovery. The parties need not request leave to exceed the applicable page limitations in those filings, such leave is hereby granted.

Finally, the Court notes that the stay of this case is temporarily lifted; however, once the Defendants file immunity-based motions, should they choose to do so, the stay will be reinstated in accordance with the Court's Local Rules. As noted above, the Court intends to rule on any such motions expeditiously so that this matter may be resolved as quickly and efficiently as possible.

*Conclusion*

For the reasons set forth above, the Plaintiffs' Motion to Amend [90] is GRANTED. The Defendants' pending Motions [49, 55] are DENIED *without prejudice*.[3] The Magistrate Judge may, to the extent necessary, hold a status conference or set applicable deadlines consistent with this Order.

SO ORDERED, this the 28th day of February, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE

---

[3] The Plaintiffs' Motion to Strike [91] is DENIED *without prejudice* as moot.